James R. BAKER, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 94–453C.

United States Court of Federal Claims.

June 24, 1996.

Barry P. Steinberg, Arlington, VA, for plaintiffs. William A. Aileo, Springfield, PA, of counsel.

John S. Groat, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant. Major Joginder Dhillion, Department of the Air Force, of counsel.

### ORDER

MILLER, Judge.

This case comes before the court on cross-motions for summary judgment on counts 8–12 of the amendment to the amended complaint.[1] Eighty-three retired United States Air Force colonels ("plaintiffs") challenge their selection for retirement by the Fiscal Year ("FY") 1992 Selective Early Retirement Board (the "SERB") formed pursuant to 10 U.S.C. §§ 638, 638a (1994). On April 3, 1996, defendant filed a supplemental motion for summary judgment on the counts in the amendment to the amended complaint. On April 29, 1996, plaintiffs filed a supplemental cross-motion for summary judgment on the counts in the amendment to the amended complaint. The counts are as follows: Count 8—alleging that the Department of the Air Force's SERB violated Department of Defense ("DOD") Directive 1320.12 (Feb. 4, 1992) (requiring a SERB report to include 6

certifications); Count 9—alleging that the SERB violated the Department of Defense ("DOD") Directive 1320.12 (June 3, 1987), by allowing staff members to give substantive guidance to the SERB; Count 10—alleging that the Secretary of the Air Force (the "Secretary") acted arbitrarily and capriciously when he approved the results of the SERB; Count 11—alleging that the SERB was conducted in violation of the Formal Charge (the "Charge") because staff members assisted the members of the SERB in preparing the report on the selection rates for minority and female officers; and Count 12—alleging that the host of errors asserted in the previous counts amount to a denial of fundamental fairness and due process of law. Argument is deemed unnecessary.

### DISCUSSION

A complete description of the facts, the applicable statutes and regulations, and the standard of review appears in the opinion addressing the complaint prior to amendment, which was issued on December 8, 1995, and will not be repeated. *See Baker v. United States*, 34 Fed.Cl. 645 (1995). Those facts and applicable statutes and regulations necessary for a consideration of the remaining counts will be discussed in the context of the court's analysis of those counts.

### 1. *Count 8*

▪ Plaintiffs argue that the SERB was conducted in violation of DOD Directive 1320.12 ¶ (F)(2)(c)(4) (Feb. 4, 1992), which requires, in part:

On completion of board deliberations, the board president, the board members, and board recorders shall, as a minimum, certify in the report to the Secretary of the Military Department concerned:

---

**1.** On February 14, 1995, plaintiffs filed their amended complaint. On September 14, 1995, the parties submitted a joint motion for leave to file an amendment to the amended complaint, adding counts 8–12, which the court allowed the following day. *See Baker v. United States*, No. 94–453C (Fed.Cl. Sept. 15, 1995). In lieu of an answer to counts 8–12, on December 11, 1995, defendant attempted to file a motion for summary judgment as to these counts. The court ordered the pleading returned unfiled, pursuant to RCFC 77.1(b)(2), and requested that defendant refile the motion after consideration of the court's ruling on counts 1–7. On December 12, 1995, the court entered an opinion granting defendant summary judgment on counts 1–7 of the amended complaint. *See Baker v. United States*, 34 Fed.Cl. 645 (1995).

(a) That, to the best of their knowledge, the board complied with this Directive.

(b) That he or she was not subject to or aware of any censure, reprimand, or admonishment resulting from the recommendations of the board or the exercise of any lawful function within the authorized discretion of the board.

(c) That he or she was not subject to or aware of any attempt to coerce or influence improperly any action in the formulation of the board's recommendations.

(d) That he or she was not a party to or aware of any attempt at unauthorized communications.

(e) That, to the best of their knowledge, the board carefully considered the records of each officer whose name was furnished to the board.

(f) That the officers recommended for promotion are, in the opinion of the majority of the members of the board, fully qualified and best qualified for promotion to meet the needs of the armed force concerned, as noted in the written instructions furnished to the board by the Secretary of the Military Department, among those officers whose names were furnished to the board.

The SERB board report did not include all of these certifications. As defendant notes, however, ¶ G of DOD Directive 1320.12 (Feb. 4, 1992), states: "This directive is effective immediately and shall govern all selection boards convened on or after the date of this Directive." The SERB in this case was convened on January 6, 1992. Thus, this DOD Directive does not apply to the FY92 SERB.

Plaintiffs argue that, despite the clear language of the 1992 version of DOD Directive 1320.12, it applies to the FY92 SERB because of references to this DOD Directive in the Air Force's Force Reduction Branch Records. The court has reviewed plaintiffs' list of alleged references to the 1992 version of DOD Directive 1320.12 in the administrative record, and none of them mentions this version. It is true that copies of slides that summarize the SERB's procedures, prepared by the Military Personnel Center, mention "Communication or Guidance and Information to Boards (DODD 1320.12)" but this refers to the June 3, 1987 version of DOD Directive 1320.12—not the 1992 version.[2] No basis exists in this record that would allow the court to find that the Air Force violated the February 4, 1992 Directive. The Air Force cannot be held accountable for violation of a Directive that is not applicable to the SERB at issue.

2. *Count 9*

Plaintiffs argue that the SERB was conducted in violation of DOD Directive 1320.12 (June 3, 1987), because "[a]gents of the [Air Force] prepared 'standard language' for use by officer selection board reports that made unauthorized assumptions about how the substantive guidance to selection boards should be implemented." Plfs' Amendment to the Amended Compl. filed Sept. 14, 1995, ¶ 59. According to plaintiffs, this assistance contravened the DOD Directive's requirement that only the Secretary give substantive guidance to the SERB.

Plaintiffs assert that the January 13, 1992 SERB board report to the Secretary is evidence of improper substantive guidance by staff. Paragraph 5 of the board report reads, in pertinent part:

With your guidance concerning minorities and women specifically in mind, the board thoroughly reviewed the records of all minority and woman officers eligible for selective early retirement. The retention rates for blacks and women were better than the overall board average. The retention rate for Hispanic officers was below the board average. To ensure each minority and woman officer received fair and equitable consideration, the board president carefully reviewed their records and the scoring results. Where there was any doubt as to the competitiveness of an officer, he caused the record to be rescored

---

2. The court draws this conclusion based on the fact that the procedures outlined in the slides closely track the June 3, 1987 version of DOD Directive 1320.12 and fail to mention the new requirements of the 1992 version, such as the requirement for six certifications.

to resolve the doubt. It is the judgement of the board president and the members of the board that those officers recommended for retention are the best qualified officers.

As the December 12, 1995 opinion notes, defendant supplied affidavits from two individuals[3] who state that ¶5 of the board report is incorrect and does not accurately describe the procedures followed by the SERB. *See Baker,* 34 Fed.Cl. at 652–53. One of the declarants stated:

> I did not actually draft the specific language contained in the letter to the Secretary [of January 13, 1992]. I signed the draft letter the administrative staff prepared, because the draft appeared to be a fair description of the proceedings. In hindsight, other words might have more precisely portrayed the SERB's deliberations.

Declaration of Lt. Gen. John E. Jaquish, (undated), at 7. Plaintiffs argue that this statement, along with other evidence, shows that staff provided improper substantive guidance to the SERB.

■ The basis for plaintiffs' contention is DOD Directive 1230.12 ¶ G(2) (June 3, 1987), which states, in part:

> All communications intended to express the views of the Service Secretary, the senior uniformed member of the Service concerned, or other superior authority to the members of a selection board shall be put in writing, furnished to each member, and made a part of the board record.

Plaintiffs apparently argue that the use of administrative staff for the SERB in question contravened this principle because the staff provided substantive guidance to the SERB that should have been provided only by the Secretary, in writing. However, plaintiffs offer no evidence—other than the statements by defendant's declarants explaining the inaccuracy of ¶5 of the board report—to support this theory. It has long been understood that governmental decision makers may ask staff for advice and assistance. *See, e.g., Della Valle v. United States,* 231 Ct.Cl. 818, 821, 1982 WL 25239 (1982).

As defendant correctly notes, plaintiffs' "apparent contention that the FY92 SERB had to perform all its duties without the benefit of an administrative support staff, or communication with the staff, is unsupported, illogical, and contrary to accepted practice." Def's Br. filed Apr. 3, 1996, at 5. Finally, even if the staff played too prominent a role in drafting the SERB board report, the report was drafted after the SERB made its determinations. Thus, plaintiffs could not have been adversely impacted by the staff's participation in the drafting of the board report.

### 3. *Count 10*

■ Plaintiffs argue that the Secretary's decision to approve the recommendations of the SERB was arbitrary, capricious, in bad faith, unsupported by substantial evidence, and contrary to law because the Secretary based his decision solely upon the SERB board report. Plaintiffs assert that because ¶5 of the board report is inaccurate—a fact which is admitted by defendant's declarants—the Secretary's reliance on the report in his acceptance of the decisions of the SERB is invalid.

■ Under 10 U.S.C. §§ 638, 638a, the Secretary may accept or reject the recommendations of a SERB. On February 11, 1992, the Secretary approved the recommendations of the FY92 SERB. Plaintiffs fault this decision based upon the presence in ¶5 of the SERB board report of inaccurate statements. To determine whether a decision is arbitrary and capricious, a court must examine whether the decision was "based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens To Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971). Plaintiffs must also "overcome the strong, but rebuttable, presumption that administrators of the military, like other public officials, discharge their duties correctly, lawfully, and in good faith." *Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804, 813–4 (1979); *see also*

---

**3.** Lt. Gen. John E. Jaquish, president of the SERB; and Lt. Col. James L. Wilson, Jr., Chief of Operations, Selection Board Secretariat, Air Force Military Personnel Center.

*Bockoven v. Marsh,* 727 F.2d 1558 (Fed.Cir.), *cert. denied,* 469 U.S. 880, 105 S.Ct. 245, 83 L.Ed.2d 183 (1984).

The only factor upon which plaintiffs validly could assert arbitrary and capricious action by the Secretary is his approval of a board report that contained inaccurate statements in its fifth paragraph. In all other respects, the SERB board report complies with applicable statutes and regulations. With regard to ¶ 5, as the court has already noted, the contents did not influence the SERB's selection of officers for early retirement. Paragraph 5 of the board report states that, where there was "any doubt as to the competitiveness" of minority or female officers, those records would be rescored. Defendant provided a declaration from Lt. Gen. Jaquish, stating that the only record rescored was one of a former prisoner of war. *See Baker,* 34 Fed.Cl. at 651–53. Although ¶ 5 may have been inaccurate and misleading, it amounts to a mere hypothetical error and did not prejudice plaintiffs. *See, e.g., Hary v. United States,* 223 Ct.Cl. 10, 618 F.2d 704 (1980) (presence of defective officer effectiveness reports in record held harmless error if resulted in no prejudice). While it is true that certain errors—such as the failure to comply with statutory requirements regarding the composition of selection boards—are considered *per se* harmful, *see Doyle v. United States,* 220 Ct.Cl. 285, 599 F.2d 984 (1979), *cert. denied,* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980), a few inaccurate sentences in a board report that were in no way prejudicial do not rise to that level.

#### 4. *Count 11*

 Plaintiffs argue that the SERB was conducted in violation of the Charge.[4] The Charge states: "The board shall prepare for review by the Secretary and the Chief of Staff, a report of minority and female officer selections as compared to the selection rates for all officers considered by the board." Plaintiffs assert that the SERB did not comply with the Charge because of its use of

administrative staff to assist in the drafting of the board report. It is perfectly permissible for the SERB to have used administrative staff to help it complete its work. *See Della Valle,* 231 Ct.Cl. at 821. Thus, the fact that the Charge requires "the board" to prepare a report does not imply that the board must complete this task without the assistance of administrative staff.

#### 12. *Count 12*

Plaintiffs argue that

[t]he material misrepresentations of fact in the reports submitted to the ... [Secretary] by the FY92SERB, and the use of "standard language" to communicate unauthorized substantive guidance to that board, constitute such a breach of the most basic concepts of fundamental fairness and due process that the approval of the board results by the [Secretary] was *void ab initio.*

Plfs' Amendment to the Amended Compl. filed Sept. 14, 1995, ¶ 77. Since the court has failed to find any evidence that the Secretary or the SERB, at any time, violated the Constitution, a statute, or a regulation, no basis exists in the record for plaintiffs to claim a breach of fundamental fairness or due process.

### CONCLUSION

Accordingly, based on the foregoing, defendant's motion for summary judgment is granted as to counts 8–12 of the complaint as amended. The Clerk of the Court shall enter judgment dismissing the amended complaint, including the final amendment thereto.

**IT IS SO ORDERED.**

No costs.

---

4. The Charge is an instruction, approved by the Secretary, to guide the deliberations of the

SERB. *See* 10 U.S.C. § 615 (1994).